**Tagged for Publication**



**ORDERED in the Southern District of Florida on November 10, 2011.**

John K. Olson, Judge
United States Bankruptcy Court

---

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
### Fort Lauderdale Division
www.flsb.uscourts.gov

**In re**:

    Norris & Judy Carol **MacFarland**,

        Debtors.

_____/

Case No. 11-13345-JKO

Chapter 13

**In re**:

    Onelia **Hurtado**,

        Debtor.

_____/

Case No. 10-49589-JKO

Chapter 13

**In re**:

    Gabriel F. & Madelyn **Garcia**,

        Debtors.

_____/

Case No. 10-43602-JKO

Chapter 13

**In re**:

    Keith & Nancy **Ahringer**,

        Debtors.

_____/

Case No. 11-22573-JKO

Chapter 13

**In re**:

    Lisa Marie **Mullennix**,

          Debtor.

_____/

Case No. 11-19051-JKO

Chapter 13

**In re**:

    Maria T. **Alvarez**,

          Debtor.

_____/

Case No. 11-10002-JKO

Chapter 13

**In re**:

    Carole V. **Kirkland**,

          Debtor.

_____/

Case No. 11-17277-JKO

Chapter 13

**In re**:

    Eliezer & Rosa M. **Santana**,

          Debtors.

_____/

Case No. 11-11106-JKO

Chapter 13

**In re**:

    Andrea Olevia **Beckford**,

          Debtor.

_____/

Case No. 11-14995-JKO

Chapter 13

**In re**:

    Hector De **Pena**,

          Debtor.

_____/

Case No. 11-14554-JKO

Chapter 13

**In re**:

Patrick S. **Lewis**,

                  Debtor.

_____/

Case No. 10-40253JKO

Chapter 13

**O<small>RDER</small> S<small>ANCTIONING</small> A<small>TTORNEYS</small>**

The court conducted show-cause hearings in the above-styled cases on October 12, 2011,
with continued show-cause hearings conducted on October 26, 2011 in Case No. 11-14554-JKO
(*In re Hector De Pena*), and Case No. 11-19051-JKO (*In re Lisa Marie Mullennix*).  For the reasons
below, Debtors' counsel in each of these cases is hereby sanctioned for filing claim objections in
violation of Fed. R. Bankr. P. 9011(b).

**I.**        **Procedural Background**

      *A.*      *The MacFarland Case*

Debtors Norris & Judy Carol MacFarland filed schedules on May 31, 2011.
*See* [ECF No. 14], Case No. 11-13345-JKO.  Schedule F listed a number of debts as neither
contingent, unliquidated, nor disputed. *See id.* at 11-15.  Claims were filed corresponding to a
number of the scheduled debts, and just over two weeks before the July 13, 2011 confirmation
hearing, the MacFarlands' attorney filed the following claims objections:

> ECF No. 65    Objection to Claim #2-1 of Wells Fargo Bank, NA
>                      Basis - lack of documentation, debt & amount disputed
>                      Claim #2-1 Amt: $7,616.25 + late fees & interest = $10,766.80
>                      Schedule F Amt: $7,616.00
>                      Last two digits of acct. # listed on proof of claim - 20
>                      Last two digits of acct. # listed on Schedule F - 20
>                      Debtor recommendation - strike claim
>                      Status -        stricken & disallowed by ECF No. 127
>
> ECF No. 68    Objection to Claim #6-1 of Citibank South Dakota, NA
>                      Basis - lack of documentation, debt & amount disputed
>                      Claim #6-1 Amt. - $8,876.16
>                      Schedule F Amt. - $8,896.16

Last four digits of acct. # listed on proof of claim - 8987
Last four digits of acct. # listed on Schedule F - 8987
Debtor recommendation - strike claim
Status -        stricken & disallowed by ECF No. 128

ECF No. 71    Objection to Claim #7-1 of FIA Card Services (as successor to BofA)
Basis - lack of documentation, debt & amount disputed
Claim #7-1 Amt. - $4,589.97
Schedule F Amt. - $4,599.00
Last four digits of acct. # listed on proof of claim - 8719
Last four digits of acct. # listed on Schedule F - 8719
Debtor recommendation - strike claim
Status -        stricken & disallowed by ECF No. 129

ECF No. 74    Objection to Claim #8-1 of FIA Card Services
Basis - lack of documentation, debt & amount disputed
Claim #8-1 Amt. - $5,156.28
Schedule F Amt. - $5,166.00
Last four digits of acct. # listed on proof of claim - 9037
Last four digits of acct. # listed on Schedule F - 9037
Debtor recommendation - strike claim
Status -        stricken & disallowed by ECF No. 130

ECF No. 76    Objection to Claim #9-1 of FIA Card Services (as successor to BofA)
Basis - lack of documentation, debt & amount disputed
Claim #9-1 Amt. - $11,259.67
Schedule F Amt. - $11,269.95
Last four digits of acct. # listed on proof of claim - 2837
Last four digits of acct. # listed on Schedule F - 2837
Debtor recommendation - strike claim
Status -        proposed eOrder #262491 submitted striking & disallowing

ECF No. 78    Objection to Claim #10-1 of FIA Card Services (as successor to BofA)
Basis - lack of documentation, debt & amount disputed
Claim #10-1 Amt. - $8,591.33
Schedule F Amt. - $8,601.00
Last four digits of acct. # listed on proof of claim - 8988
Last four digits of acct. # listed on Schedule F - 8988
Debtor recommendation - strike claim
Status -        proposed eOrder #262492 submitted striking & disallowing

ECF No. 80    Objection to Claim #11-1 of FIA Card Services (as successor to BofA)
Basis - lack of documentation, debt & amount disputed
Claim #11-1 Amt. - $2,834.77
Schedule F Amt. - $2,844.77
Last four digits of acct. # listed on proof of claim - 2761
Last four digits of acct. # listed on Schedule F - 2761

Debtor recommendation - strike claim
Status -          proposed eOrder #262495 submitted striking & disallowing

ECF No. 86     Objection to Claim #12-1 of FIA Card Services (as successor to BofA)
               Basis - lack of documentation, debt & amount disputed
               Claim #12-1 Amt. - $7,587.30
               Schedule F Amt. - $7,597.00
               Last four digits of acct. # listed on proof of claim - 9298
               Last four digits of acct. # listed on Schedule F - 9298
               Debtor recommendation - strike claim
               Status -          proposed eOrder # 262497 submitted striking &
                                 disallowing

ECF No. 89     Objection to Claim #13-1 of FIA Card Services (as successor to BofA)
               Basis - lack of documentation, debt & amount disputed
               Claim #13-1 Amt. - $16,479.69
               Schedule F Amt. - $16,489.69
               Last four digits of acct. # listed on proof of claim - 5267
               Last four digits of acct. # listed on Schedule F - 5267
               Debtor recommendation - strike claim
               Status -          proposed eOrder # 262499 submitted striking &
                                 disallowing

ECF No. 92     Objection to Claim #14-1 of Chase Bank USA, NA
               Basis - lack of documentation, debt & amount disputed
               Claim #14-1 Amt. - $13,494.13
               Schedule F Amt. - $13,534.14
               Last four digits of acct. # listed on proof of claim - 7221
               Last four digits of acct. # listed on Schedule F - 7221
               Debtor recommendation - strike claim
               Status -          withdrawn by ECF No. 119 on 7/12/2011 at 6:04 PM EDT
                                 after Gary Lublin appears of record for Chase on 7/12/2011
                                 at 2:48 PM EDT ... unamended POC #14-1 allowed

ECF No. 95     Objection to Claim #15-1 of Chase Bank USA, NA
               Basis - lack of documentation, debt & amount disputed
               Claim #15-1 Amt. - $14,401.62
               Schedule F Amt. - $14,411.00
               Last four digits of acct. # listed on proof of claim - 7063
               Last four digits of acct. # listed on Schedule F - 7063
               Debtor recommendation - strike claim
               Status -          withdrawn by ECF No. 120 on 7/12/2011 at 6:06 PM EDT
                                 after Gary Lublin files ECF No. 118 response to claims
                                 objection on 7/12/2011 at 2:48 PM EDT ... amended
                                 POC #15-2 (filed 07/08/2011) allowed

ECF No. 98     Objection to Claim #16-1 of Chase Bank USA, NA

-5-

Basis - lack of documentation, debt & amount disputed
Claim #16-1 Amt. - $7,405.76
Schedule F Amt. - $7,435.76
Last four digits of acct. # listed on proof of claim - 8654
Last four digits of acct. # listed on Schedule F - 8654
Debtor recommendation - strike claim
Status -         withdrawn by ECF No. 121 on 7/12/2011 at 6:09 PM EDT
                after Gary Lublin appears of record for Chase on 7/12/2011
                at 2:48 PM EDT ... unamended POC #16-1 allowed

ECF No. 101    Objection to Claim #17-1 of Chase Bank USA, NA
               Basis - lack of documentation, debt & amount disputed
               Claim #17-1 Amt. - $15,142.03
               Schedule F Amt. - $15,152.03
               Last four digits of acct. # listed on proof of claim - 2501
               Last four digits of acct. # listed on Schedule F - 2501
               Debtor recommendation - strike claim
               Status -         withdrawn by ECF No. 123 on 7/12/2011 at 6:15 PM EDT
                                after Gary Lublin appears of record for Chase on 7/12/2011
                                at 2:48 PM EDT ... amended POC #17-2 (filed 07/08/2011)
                                allowed

ECF No. 104    Objection to Claim #19-1 of Elan Financial Services
               Basis - lack of documentation, debt & amount disputed
               Claim #19-1 Amt. - $12,684.98
               Schedule F Amt. - $12,625.77
               Last four digits of acct. # listed on proof of claim - 4694
               Last four digits of acct. # listed on Schedule F - 4694
               Debtor recommendation - strike claim
               Status -         proposed eOrder #262510 submitted striking and
                                disallowing

ECF No. 110    Objection to Claim # 25-1 of ECAST (as assignee of Citibank)
               Basis - lack of documentation, debt & amount disputed
               Claim #25-1 Amt. - $20,816.05
               Schedule F Amt. - $20,816.05
               Last four digits of acct. # listed on proof of claim - 1337
               Last four digits of acct. # listed on Schedule F - 1337
               Debtor recommendation - strike claim
               Status -         withdrawn on record at 07/13/2011 hearing ... Notice of
                                Withdrawal filed 08/23/2011 at ECF No. 149

ECF No. 113    Objection to Claim #26-1 of ECAST (as assignee of Citibank)
               Basis - lack of documentation, debt & amount disputed
               Claim #26-1 Amt. - $14,738.12
               Schedule F Amt. - $14,738.12
               Last four digits of acct. # listed on proof of claim - 3770

Last four digits of acct. # listed on Schedule F - 3770
Debtor recommendation - strike claim
Status -         withdrawn debtors' counsel at 07/13/2011 hearing and
                 Notice of Withdrawal filed at ECF No. 126

ECF No. 136    Objection to Claim #28-1 of Portfolio Recovery Assoc. (for SEARS)
               Basis - lack of documentation, debt & amount disputed
               Claim #28-1 Amt. - $6,918.99
               Schedule F Amt. - $6,928.99
               Last four digits of acct. # listed on proof of claim - 7044
               Last four digits of acct. # listed on Schedule F - 7044
               Debtor recommendation - strike claim
               Status -         hr'g cont'd *sua sponte* from 08/10/2011 to 09/07/2011 and
                                again to 10/12/2011 show-cause hr'g

Each of the above was scheduled as a noncontingent, liquidated, undisputed debt, and each proof

of claim contained sufficient information for debtors' counsel to match the claims with the scheduled

debts.   Nonetheless, the MacFarlands' attorney objected to each claim on the basis that the debt and

amount was disputed, and that the proof of claim contained insufficient documentation to

substantiate the claim.   Debtors' counsel submitted proposed orders striking and disallowing claims

when unopposed, and withdrew the claims objections when opposed.   The conduct of Debtors'

counsel had the appearance of a concerted effort to either avoid reasonable review of the claims

register as required by Local Rule 2083-1(B) or to improperly achieve favorable results for his

clients.   The court accordingly conducted  a show-cause hearing on October 12, 2011 at 8:30 a.m.

to address whether sanctions should be imposed and whether the orders at ECF Nos. 127, 128, 129,

and 130 should be vacated pursuant to Fed. R. Bankr. P. 9024 incorporating, *inter alia*, Fed. R. Civ.

P. 60(b)(3), (b)(6), and (d)(3).

At the October 12th hearing, Debtors' counsel argued that the claim objections did not violate

Rule 9011(b) because there is no binding opinion in this district which would have prohibited them.

Debtors' counsel was referring to two published opinions in this district (cited in the discussion

section below) which point out that such claim objections are improper.   But even if those opinions

were binding rather than persuasive, it would not have been those opinions which prohibited these objections. It is Rule 9011(b) itself which prohibits such objections. Debtors' counsel made no reasonable inquiry before filing the objections – he made no *basic* inquiry before filing the objections. Even his argument in defense against the Order to Show Cause violated Rule 9011(b)(2), but the court limits this sanctions order to the improperly filed claim objections.

        B.      *The Hurtado Case*

Debtor Onelia Hurtado filed schedules on January 12, 2011. *See* [ECF No. 9], Case No. 10-49589-JKO. Schedule F listed a number of debts as neither contingent, unliquidated, nor disputed. *See id.* at 15-23. Claims were filed corresponding to a number of the scheduled debts, and just over three weeks before the July 13, 2011 confirmation hearing, Ms. Hurtado's attorney filed the following claims objections:

    ECF No. 64    Objection to Claim #1-1 of Discover Bank
                          Basis - lack of documentation to substantiate claim
                          Claim #1-1 Amt. - $12,059.56
                          Schedule F Amt. - $12,059.00
                          Last four digits of acct. # listed on proof of claim - 8287
                          Last four digits of acct. # listed on Schedule F - 8287
                          Debtor recommendation - strike claim
                          Status -        stricken & disallowed by ECF No. 99

    ECF No. 67    Objection to Claim #2-1 of Advanta Bank Corp.
                          Basis - lack of documentation to substantiate claim
                          Claim #2-1 Amt. - $24,998.14
                          Schedule F Amt. - $30,299.00
                          Last four digits of acct. # listed on proof of claim - 8432
                          Last four digits of acct. # listed on Schedule F - 8432
                          Debtor recommendation - strike claim
                          Status -        proposed eOrder #262893 submitted striking & disallowing

    ECF No. 70    Objection to Claim #4-1 of Nat'l Capital Mgmt. (as assignee of GE)
                          Basis - lack of documentation to substantiate claim
                          Claim #4-1 Amt. - $5,099.80
                          Schedule F Amt. - $5,099.00
                          Last four digits of acct. # listed on proof of claim - 1405
                          Last four digits of acct. # listed on Schedule F - 1405

Debtor recommendation - strike claim
Status -           proposed eOrder #262894 submitted striking & disallowing

ECF No. 73    Objection to Claim #6-1 of Portfolio Recovery Assoc.
*(Claim #6-1 actually filed by FIA Card Svcs. as successor to BofA)*
Basis - lack of documentation to substantiate claim
Claim #6-1 Amt. - $18,395.33
Schedule F Amt. - $18,395.00
Last four digits of acct. # listed on proof of claim - 5466
Last four digits of acct. # listed on Schedule F - 5466
Debtor recommendation - strike claim
Status -           proposed eOrder #262895 submitted striking & disallowing

ECF No. 76    Objection to Claim #8-1 of Claim of Advantage Assets II, Inc.
Basis - lack of documentation to substantiate claim
Claim #8-1 Amt. - $9,097.31
Schedule F Amt. - $9,097.00
Last four digits of acct. # listed on proof of claim - 0621
Last four digits of acct. # listed on Schedule F - 0621
Debtor recommendation - strike claim
Status -           proposed eOrder #262959 submitted striking & disallowing

ECF No. 82    Objection to Claim #11-1 of Portfolio Recovery Assoc.
*(Claim #11-1 actually filed by FIA Card Svcs. as successor to BofA)*
Basis - lack of documentation to substantiate claim
Claim #11-1 Amt. - $12,719.52
Schedule F Amt. - $12,719.00
Last four digits of acct. # listed on proof of claim - 2377
Last four digits of acct. # listed on Schedule F - 2377
Debtor recommendation - strike claim
Status -           proposed eOrder #262900 submitted striking & disallowing

ECF No. 85    Objection to Claim #12-1 of Commerce Bank
Basis - "Debtor disputes amount owed."
Claim #12-1 Amt. - $37,395.16
Schedule F Amt. - $35,175.00 (*noncontingent, liquidated, undisputed*)
Last four digits of acct. # listed on proof of claim - 1907
Last four digits of acct. # listed on Schedule F - 1907
Debtor recommendation - strike claim
Status -           proposed eOrder #262904 submitted striking & disallowing

ECF No. 88    Objection to Claim #13-1 of FIA Card Services *aka* Bank of America
Basis - "Debtor disputes interest rate and finance charges."
Claim #13-1 Amt. - $51,528.24
Schedule F Amt. - $51,528.00 (*noncontingent, liquidated, undisputed*)
Last four digits of acct. # listed on proof of claim - 5542
Last four digits of acct. # listed on Schedule F - 5542

Debtor recommendation - strike claim
Status -        proposed eOrder #262905 submitted by Debtor's counsel striking & disallowing ... FIA Card Services files ECF No. 112 response on 08/26/2011 after court refuses to sign proposed order and *sua sponte* continues claim objection hearing and enters Order to Show Cause ... FIA Card Services response alleges that creditor only became aware of claim objection when court *sua sponte* sent notice of continued claim objection hearing ... at 09/07/2011 continued claim objection hearing, court asks FIA Card Services' counsel whether claim objection served ... counsel replies "apparently not"

ECF No. 91    Objection to Claim #14-1 of American Express
Basis - "Debtor disputes interest rate and finance charges."
Claim #14-1 Amt. - $8,435.31
Schedule F Amt. - $8,435.00 (*noncontingent, liquidated, undisputed*)
Last four digits of acct. # listed on proof of claim - 8432
Last four digits of acct. # listed on Schedule F - 8432
Debtor recommendation - strike claim
Status -        proposed eOrder #262893 submitted by Debtor's counsel striking & disallowing ... American Express Bank FSB files ECF No. 112 response on 08/26/2011 after court refuses to sign proposed order and *sua sponte* continues claim objection hearing and enters Order to Show Cause ... American Express Bank FSB response alleges that creditor only became aware of claim objection when court *sua sponte* sent notice of continued claim objection hearing ... at 09/07/2011 continued claim objection hearing, court asks American Express Bank FSB's counsel whether claim objection served ... counsel replies "apparently not"

ECF No. 94    Objection to Claim #15-1 of Chase Bank
Basis - "Debtor disputes interest rate and finance charges."
Claim #15-1 Amt. - $28,050.66
Schedule F Amt. - $28,050.00 (*noncontingent, liquidated, undisputed*)
Last four digits of acct. # listed on proof of claim - 8043
Last four digits of acct. # listed on Schedule F - 8043
Debtor recommendation - strike claim
Status -        proposed eOrder #262913 submitted striking & disallowing

Each of the above was scheduled as a noncontingent, liquidated, undisputed debt, and each proof

of claim contained sufficient information for debtors' counsel to match the claims with the scheduled

debts.  Nonetheless, Ms. Hurtado's attorney objected to each claim on either the basis that the proof

-10-

of claim contained insufficient documentation to substantiate the claim, or that the amount was disputed. Debtor's counsel submitted proposed orders striking claims when the debtor had conceded in her schedules that the debts were due and owing in substantially the same amounts. The court conducted a show-cause hearing on October 12, 2011 to determine: (1) whether Debtor's counsel violated Fed. R. Bankr. P. 9011(b) by filing the claim objections; (2) if so, whether Debtor's counsel should be sanctioned; (3) whether the claim objections should be overruled; and (4) whether the order at ECF No. 99 should be vacated pursuant to Fed. R. Bankr. P. 9024 incorporating, *inter alia*, Fed. R. Civ. P. 60(b)(3), (b)(6), and (d)(3). Further, at the September 7, 2011 continued claim objection hearing, the court placed Debtor's counsel on notice that the October 12, 2011 show-cause hearing "would not go well" if the court were to determine that any of the relevant claim objections were not served upon creditors. Debtor's counsel did not address the apparent lack of service regarding ECF Nos. 88 & 91 at the October 12th show-cause hearing.

C.    *The Garcia Case*

Debtor Gabriel and Madelyn Garcia filed schedules on November 29, 2010. *See* [ECF No. 10], Case No. 10-43602-JKO. Schedule F listed a number of debts as neither contingent, unliquidated, nor disputed. *See id.* at 18-39. Claims were filed corresponding to a number of the scheduled debts, and just over two weeks before the July 13, 2011 confirmation hearing, the Garcias' attorney filed the following claims objections:

    ECF No. 111   Objection to Claim #13-1 of Calvary Portfolio Services, LLC
                  Basis - lack of documentation to substantiate claim
                  Claim #13-1 Amt. - $11,877.09
                  Schedule F Amt. - $11,619.00
                  Last four digits of acct. # listed on proof of claim - 7362
                  Last four digits of acct. # listed on Schedule F - 7362
                  Debtor recommendation - strike claim
                  Status -          eOrder #263355 submitted striking claim

    ECF No. 114   Objection to Claim #14-1 of Calvary Portfolio Services, LLC

-11-

Basis - lack of documentation to substantiate claim
Claim #14-1 Amt. - $11,702.09
Schedule F Amt. - $11,511.00
Last four digits of acct. # listed on proof of claim - 4724
Last four digits of acct. # listed on Schedule F - 4724
Debtor recommendation - strike claim
Status -        eOrder #263356 submitted striking claim

ECF No. 117    Objection to Claim #15-1 of Calvary Portfolio Services, LLC
Basis - lack of documentation to substantiate claim
Claim #15-1 Amt. - $14,431.56
Schedule F Amt. - $14,059.00
Last four digits of acct. # listed on proof of claim - 2788
Last four digits of acct. # listed on Schedule F - 2788
Debtor recommendation - strike claim
Status -        eOrder #263357 submitted striking claim

ECF No. 120    Objection to Claim #7-1 of Candica, LLC
Basis - lack of documentation to substantiate claim
Claim #7-1 Amt. - $5,537.55
Schedule F Amt. - $5,537.00
Last four digits of acct. # listed on proof of claim - 2607
Last four digits of acct. # listed on Schedule F - 2607
Debtor recommendation - strike claim
Status -        eOrder #263351 submitted striking claim

ECF No. 132    Objection to Claim #3-1 of Dell Financial Services, LLC
Basis - lack of documentation to substantiate claim
Claim #7-1 Amt. - $2,990.04
Schedule F Amt. - $2,990.00
Last four digits of acct. # listed on proof of claim - 3752
Last four digits of acct. # listed on Schedule F - 3752
Debtor recommendation - strike claim
Status -        eOrder #263348 submitted striking & disallowing

ECF No. 135    Objection to Claim #1-1 of Discover Bank
Basis - lack of documentation to substantiate claim
Claim #7-1 Amt. - $9,586.55
Schedule F Amt. - $9,586.00
Last four digits of acct. # listed on proof of claim - 0227
Last four digits of acct. # listed on Schedule F - 0227
Debtor recommendation - strike claim
Status -        eOrder #263346 submitted striking claim

ECF No. 144    Objection to Claim #12-1 of PRA Receivables Management, LLC
Basis - lack of documentation to substantiate claim
Claim #7-1 Amt. - $22,372.16

-12-

Schedule F Amt. - $22,221.00
Last four digits of acct. # listed on proof of claim - 6689
Last four digits of acct. # listed on Schedule F - 6689
Debtor recommendation - strike claim
Status -          eOrder #263354 submitted striking claim

ECF No. 156    Objection to Claim #21-1 of Verizon Wireless
Basis - lack of documentation to substantiate claim
Claim #7-1 Amt. - $2,703.10
Schedule F Amt. - $2,703.00
Last four digits of acct. # listed on proof of claim - 0959
Last four digits of acct. # listed on Schedule F - 0959
Debtor recommendation - strike claim
Status -          eOrder #263361 submitted striking claim

ECF No. 159    Objection to Claim #28-1 of Wells Fargo Financial National Bank
Basis - lack of documentation to substantiate claim
Claim #7-1 Amt. - $1,743.53
Schedule F Amt. - $1,743.00
First four digits of acct. # listed on proof of claim - 7908
First four digits of acct. # listed on Schedule F - 7908
Debtor recommendation - strike claim
Status -          eOrder #263365 submitted striking claim

Each of the above was scheduled as a noncontingent, liquidated, undisputed debt, and each proof of claim contained sufficient information for debtors' counsel to match the claims with the scheduled debts. Nonetheless, the Garcias' attorney objected to each claim on the basis that the proof of claim contained insufficient documentation to substantiate the claim. Debtors' counsel submitted proposed orders striking claims when the debtors had conceded in their schedules that the debts were due and owing in substantially the same amounts. The court conducted a show-cause hearing on October 12, 2011 to determine whether the Garcias' attorney filed each of the above objections in violation of Fed. R. Bankr. P. 9011(b) and, because the Garcias' attorney is the same attorney who represents Onelia Hurtado, *supra*, whether the claim objections in their entirety constitute more than a series of discrete Rule 9011(b) violations, but rather a fraud upon creditors and this court. The October 12th hearing also addressed, of course, whether the claim objections should be overruled.

D.    *The Ahringer Case*

Debtors Keith & Nancy Ahringer filed schedules on May 7, 2011. *See* [ECF No. 1],

Case No. 11-22573-JKO.  Schedule F listed a number of debts as neither contingent, unliquidated,

nor disputed. *See id.* at 20-23.  Claims were filed corresponding to a number of the scheduled debts,

and the Ahringers' attorney filed the following claim objections before the September 7, 2011

confirmation hearing:

| | |
|---|---|
| ECF No. 39 | Objection to Claim #9-1 of Candica L.L.C. |
| | Basis - "Documentation attached does not sufficiently substantiate the claim." |
| | Claim #9-1 Amt: $2,652.77 |
| | Schedule F Amt: $2,711.58 |
| | Last four digits of acct. # listed on proof of claim - 6858 |
| | Last four digits of acct. # listed on Schedule F - 6858 |
| | Debtor recommendation - strike claim in its entirety |
| | Status -        proposed eOrder # 275273 submitted striking & disallowing ... court *sua sponte* continued matter from 09/07/2011 to 10/12/2011 and entered Order to Show Cause ... objection overruled by ECF No. 70 entered 10/20/2011 |
| | |
| ECF No. 41 | Objection to Claim #10-1 of LVNV Funding LLC |
| | Basis - "Documentation attached does not sufficiently substantiate the claim." |
| | Claim #10-1 Amt. - $728.71 |
| | Schedule F Amt. - $728.00 |
| | Last four digits of acct. # listed on proof of claim - 0043 |
| | Last four digits of acct. # listed on Schedule F - 0043 |
| | Debtor recommendation - strike claim in its entirety |
| | Status -        proposed eOrder # 275275 submitted striking & disallowing ... court *sua sponte* continued matter from 09/07/2011 to 10/12/2011 and entered Order to Show Cause ... creditor LVNV Funding LLC filed response to objection on 10/06/2011 at ECF No. 63 arguing that proof of claim timely filed and matching undisputed debt on Schedule F ... objection withdrawn by Debtors' counsel on 10/12/2011 by ECF No. 64 |

Both of the above were scheduled as noncontingent, liquidated, undisputed debts, and each proof

of claim contained sufficient information for debtors' counsel to match the claims with the scheduled

debts.  Nonetheless, the Ahringers' attorney objected to each claim on the basis that the debt and

amount were disputed, and that the proof of claim contained insufficient documentation to

substantiate the claim.  Debtors' counsel submitted proposed orders striking and disallowing the claims, and the court conducted a show-cause hearing on October 12, 2011 to determine whether sanctions should be imposed upon Debtors' counsel for violating Fed. R. Bankr. P. 9011(b).

E.    *The Mullennix Case*

Debtor Lisa Marie Mullennix filed schedules on May 2, 2011. *See* [ECF No. 11], Case No. 11-19051-JKO.  Schedule F listed a number of debts as neither contingent, unliquidated, nor disputed. *See id.* at 12-41.  Claims were filed corresponding to a number of the scheduled debts, and Ms. Mullenix's attorney filed the following claim objections before the August 10, 2011 and September 7, 2011 confirmation hearings:

ECF No. 34    Objection to Claim #1-1 of Midland Credit Management, Inc.
Basis - "Documentation attached does not sufficiently substantiate the claim."
Claim #1-1 Amt: $2,909.84
Schedule F Amt: $2,894.00 (*undisputed & owed to Midland Credit Mgmt.*)
Last four digits of acct. # listed on proof of claim - 3839
Last four digits of acct. # listed on Schedule F - 3839
Debtor recommendation - strike claim in its entirety
Status -    proposed eOrder # 268792 submitted striking claim ... court *sua sponte* continued claim objection hearing 10/12/2011 and entered Order to Show Cause setting 10/12/2011 show-cause hearing ... Debtor's counsel withdrew claim objection on 10/13/2011 at ECF No. 76

ECF No. 38    Objection to Claim #4-1 of Capital One (for Kohl's Dept. Stores)
Basis - "Documentation attached does not sufficiently substantiate the claim."
Claim #4-1 Amt: $612.13
Schedule F Amt: $612.13 (*undisputed & owed to Kohl's*)
Last four digits of acct. # listed on proof of claim - 0069
Last six digits of acct. # listed on Schedule F - 006952
Debtor recommendation - strike claim in its entirety
Status -    proposed eOrder # 268794 submitted striking claim ... court *sua sponte* continued claim objection hearing to 10/12/2011 and entered Order to Show Cause setting 10/12/2011 show-cause hearing ... Debtor's counsel withdrew claim objection on 10/13/2011 at ECF No. 77

ECF No. 40    Objection to Claim #5-1 of Asset Acceptance LLC (for Wachovia)
Basis - "Documentation attached does not sufficiently substantiate the claim."

-15-

Claim #5-1 Amt: $8,347.26
Schedule F Amt: $8,506.30 (*undisputed & owed to Wachovia*)
Last four digits of acct. # listed on proof of claim - 7773
Last four digits of acct. # listed on Schedule F - 7773
Debtor recommendation - strike claim in its entirety
Status -           proposed eOrder # 268795 submitted striking claim after
                   08/10/2011 hearing ... court *sua sponte* continued claim
                   objection hearing to 10/12/2011 and entered Order to Show
                   Cause setting 10/12/2011 show-cause hearing ... creditor
                   Asset Acceptance LLC filed Opposition Response on
                   09/19/2011 arguing that proof of claim was timely filed and
                   valid ... Debtor's counsel withdrew claim objection on
                   10/13/2011 at ECF No. 78

ECF No. 44    Objection to Claim #7-1 of Asset Acceptance LLC (for Lane Bryant Retail)
              Basis - "Documentation attached does not sufficiently substantiate the claim."
              Claim #7-1 Amt: $853.75
              Schedule F Amt: $826.00 (*undisputed & owed to Lane Bryant*)
              Last four digits of acct. # listed on proof of claim - 9543
              Last four digits of acct. # listed on Schedule F - 9543
              Debtor recommendation - strike claim in its entirety
              Status -           proposed eOrder # 268798 submitted striking claim ... court
                                 *sua sponte* continued claim objection hearing to 10/12/2011
                                 and entered Order to Show Cause setting 10/12/2011 show-
                                 cause hearing ... Debtor's counsel withdrew claim objection
                                 on 10/13/2011 at ECF No. 79

ECF No. 48    Objection to Claim #11-1 of World Financial Network National Bank
              Basis - "Documentation attached does not sufficiently substantiate the claim."
              Claim #11-1 Amt: $477.64
              Schedule F Amt: $469.36  (*undisputed & owed to WFNNB*)
              Last four digits of acct. # listed on proof of claim - 4297
              Last four digits of acct. # listed on Schedule F - 4297
              Debtor recommendation - strike claim in its entirety
              Status -           proposed eOrder # 268802 submitted striking claim ... court
                                 *sua sponte* continued claim objection hearing to 10/12/2011
                                 and entered Order to Show Cause setting 10/12/2011 show-
                                 cause hearing ... Debtor's counsel withdrew claim objection
                                 on 10/13/2011 at ECF No. 80

ECF No. 50    Objection to Claim #12-1 of  NCO Portfolio Management
                                 *c/o NCO Financial Systems, Inc.*
              Basis - "Documentation attached does not sufficiently substantiate the claim."
              Claim #12-1 Amt: $1,426.70
              Schedule F Amt: $1,600.00 (*undisputed & owed to NCO Financial Systems*)
              Debtor recommendation - strike claim in its entirety

|  |  |
|---|---|
| Status - | proposed eOrder # 268803 submitted striking claim ... court *sua sponte* continued claim objection hearing to 10/12/2011 and entered Order to Show Cause setting 10/12/2011 show-cause hearing ... Debtor's counsel withdrew claim objection on 10/13/2011 at ECF No. 81 |

ECF No. 52    Objection to Claim #13-1 of Memorial Regional Hospital
Basis - "Documentation attached does not sufficiently substantiate the claim."
Claim #13-1 Amt: $120.70
Schedule F Amt: $120.70 (*undisputed & owed to Memorial Regional Hosp.*)
Last four digits of acct. # listed on proof of claim - 1028
Last four digits of acct. # listed on Schedule F - 1028
Debtor recommendation - strike claim in its entirety

|  |  |
|---|---|
| Status - | proposed eOrder # 268805 submitted striking claim ... court *sua sponte* continued claim objection hearing to 10/12/2011 and entered Order to Show Cause setting 10/12/2011 show-cause hearing ... Debtor's counsel withdrew claim objection on 10/13/2011 at ECF No. 82 |

ECF No. 58    Objection to Claim #15-1 of B-Line, LLC (for Target)
Basis - "Documentation attached does not sufficiently substantiate the claim."
Claim #15-1 Amt: $838.79
Schedule F Amt: $838.79 (*undisputed & owed to Target*)
Last four digits of acct. # listed on proof of claim - 4790
Last four digits of acct. # listed on Schedule F - none listed
Debtor recommendation - strike claim in its entirety

|  |  |
|---|---|
| Status - | proposed eOrder # 275332 submitted striking claim ... court *sua sponte* continued claim objection hearing to 10/12/2011 and entered Order to Show Cause setting 10/12/2011 show-cause hearing ... creditor B-Line LLC filed response on 09/30/2011 arguing that proof of claim should be allowed and alleging that Debtor's objection to claim was never received by the creditor ... Debtor's counsel withdrew claim objection on 10/13/2011 at ECF No. 83 |

ECF No. 60    Objection to Claim #16-1 of Equable Ascent Financial, LLC (for Citibank)
Basis - "Documentation attached does not sufficiently substantiate the claim."
Claim #16-1 Amt: $5,713.52
Schedule F Amt: $5,487.41 (*undisputed & owed to Citibank*)
Last four digits of acct. # listed on proof of claim - 9317
Last four digits of acct. # listed on Schedule F - 9317
Debtor recommendation - strike claim in its entirety

|  |  |
|---|---|
| Status - | proposed eOrder # 275333 submitted striking claim ... court *sua sponte* continued claim objection hearing to 10/12/2011 and entered Order to Show Cause setting 10/12/2011 show-cause hearing ... Debtor's counsel withdrew claim objection on 10/13/2011 at ECF No. 84 |

ECF No. 62     Objection to Claim #17-1 of Equable Ascent Financial, LLC
               Basis - "Documentation attached does not sufficiently substantiate the claim."
               Claim #17-1 Amt: $1,094.00
               Schedule F Amt:$1,077.13
               Last four digits of acct. # listed on proof of claim - 0807
               Last four digits of acct. # listed on Schedule F - 0807
               Debtor recommendation - strike claim in its entirety
               Status -        proposed eOrder # 275334 submitted striking claim ... court
                               *sua sponte* continued claim objection hearing to 10/12/2011
                               and entered Order to Show Cause setting 10/12/2011 show-
                               cause hearing ... Debtor's counsel withdrew claim objection
                               on 10/13/2011 at ECF No. 85

All of the above were scheduled as noncontingent, liquidated, undisputed debts, and each proof of

claim contained sufficient information for debtor's counsel to match the claims with the scheduled

debts.  Nonetheless, Ms. Mullenix's attorney objected to each claim on the basis that the proof of

claim contained insufficient documentation to substantiate the claim.  Debtor's counsel submitted

proposed orders striking and disallowing each of the claims in their entirety.  The court conducted

a show-cause hearing on October 12, 2011 at which Debtor's counsel conceded that the claim

objections were improper, and specified measures already taken in his office to ensure that repeat

conduct would not occur in the future.

        In the midst of an undesirably congested calendar (the courtroom was standing room only),

the court instructed Debtor's counsel to submit a proposed order discharging the order to show cause

in light of counsel's explanation of how the claim objections were filed, as well as the measures

taken to cure the problem in his office.  Counsel also volunteered to donate $500.00 to the

Bankruptcy Bar Foundation for the benefit of *pro bono* legal services in this district before

submitting the proposed order.  Upon further review in chambers without the scheduling pressures

of the packed courtroom, the court concluded that such a remedy was not in keeping with the text

or spirit of Fed. R. Bankr. P. 9011(c)(2) and continued the matter to October 26, 2011. *See* [ECF No.

87].  At the October 26th hearing, Debtor's counsel stated that he had not yet made the $500.00

donation to the Bankruptcy Bar Foundation, and this was perfectly appropriate because he had not yet submitted any proposed order discharging the order to show cause.  At the continued October 26th hearing, the court again addressed the issue of Rule 9011 sanctions.  The court explained that, while the remedial actions of Debtor's counsel were noteworthy and highly professional, the failure of Debtor's counsel to sufficiently supervise his employees in this matter was of concern. Ms. Mullenix's attorney is also the Ahringers' attorney, *supra*, and at the conclusion of the October 26th hearing the court took the issue of Rule 9011 sanctions under advisement.

F.    *The Alvarez Case*

Debtor Maria T. Alvarez filed schedules on January 2, 2011. *See* [ECF No. 1], Case No. 11-10002-JKO.  Schedule F listed a number of debts as neither contingent, unliquidated, nor disputed. *See id.* at 14-19.  Claims were filed corresponding to a number of the scheduled debts, and Ms. Alvarez's attorney filed the following claims objections before the August 10, 2011 confirmation hearing, :

ECF No. 42    Objection to Claim #1-1 of Department Stores National Bank/Macys
              Basis - lack of documentation to substantiate claim
              Claim #1-1 Amt. - $1,356.10
              Schedule F Amt. No. 1 - $1,117.00
              Schedule F Amt. No. 2 - $239.00
              Schedule F Total Undisputed Amt. Owed to Macy's - $1,356.00
              Debtor recommendation - strike & disallow claim
              Status -        proposed eOrder # 268829 submitted striking & disallowing

ECF No. 42    Objection to Claim #2-1 of Department Stores National Bank/Visa
              Basis - lack of documentation to substantiate claim
              Claim #2-1 Amt. - $4,973.81
              Schedule F Amt. - $4,974.00 (*undisputed & owed to "visdsnb"*)
              Debtor recommendation - strike & disallow claim
              Status -        proposed eOrder # 268829 submitted striking & disallowing

ECF No. 42    Objection to Claim #3-1 of FIA Card Services
              (*As Successor In Interest to Bank of America NA and Mbna America Bank*)
              Basis - lack of documentation to substantiate claim
              Claim #3-1 Amt. - $20,231.30

Schedule F Amt. - $20,231.00 (*undisputed & owed to Bank of America*)
Last four digits of acct. # listed on proof of claim - 0257
Last four digits of acct. # listed on Schedule F - 0257
Debtor recommendation - strike & disallow claim
Status -          proposed eOrder # 268829 submitted striking & disallowing

ECF No. 42    Objection to Claim #4-1 of American Express Centurion Bank
Basis - lack of documentation to substantiate claim
Claim #4-1 Amt. - $1,689.31
Schedule F Amt. - $1,689.00 (*undisputed & owed to American Express*)
Debtor recommendation - strike & disallow claim
Status -          proposed eOrder # 268829 submitted striking & disallowing

Each of the above was scheduled as a noncontingent, liquidated, undisputed debt, and each proof of claim contained sufficient information for debtor's counsel to match the claims with the scheduled debts. Nonetheless, Ms. Alvarez's attorney objected to each claim on either the basis that the proof of claim contained insufficient documentation to substantiate the claim, or that the amount was disputed. Debtor's counsel submitted a proposed order striking the claims when the debtor had conceded in her schedules that the debts were due and owing in substantially the same amounts. The court conducted a show-cause hearing on October 12, 2011 to determine whether Debtor's counsel violated Fed. R. Bankr. P. 9011(b) when he filed the claim objections. The October 12th hearing also addressed, of course, whether the claim objections should be overruled.

### G.    The Kirkland Case

Debtor Carole V. Kirkland filed schedules on March 21, 2011. *See* [ECF No. 1], Case No. 11-17277-JKO. Schedule F listed **two** debts as neither contingent, unliquidated, nor disputed. *See id.* at 16. Claims were filed corresponding to both of the scheduled debts, and just over two weeks before the August 10, 2011 confirmation hearing, the Ms. Kirkland's attorney filed the following claim objections:

ECF No. 23    Objection to Claim #3-1 of Capital One Bank
Basis - lack of documentation to substantiate claim
Claim #3-1 Amt. - $8,414,23

Schedule F Amt. - $6,512.50 (*undisputed & owed to Capital One*)
Last four digits of acct. # listed on proof of claim - 8544
Last four digits of acct. # listed on Schedule F - 8544
Debtor recommendation - strike & disallow claim
Status -         eOrder #268975 submitted striking claim ... court *sua sponte*
                 continued claim objection hearing to 10/12/2011 and entered
                 Order to Show Cause ... objection overruled on 10/24/2011
                 by ECF No. 38 for reasons stated on record at 10/12/2011
                 hr'g

ECF No. 23    Objection to Claim #5-1 of HSBC Bank Nevada, N.A.
              Basis - lack of documentation to substantiate claim
              Claim #3-1 Amt. - $1,986.84
              Schedule F Amt. - $1,903.24 (*undisputed & owed to HSBC*)
              Last four digits of acct. # listed on proof of claim - 5818
              Last four digits of acct. # listed on Schedule F - 5818
              Debtor recommendation - strike & disallow claim
              Status -         eOrder #268975 submitted striking claim ... court *sua sponte*
                               continued claim objection hearing to 10/12/2011 and entered
                               Order to Show Cause ... objection overruled on 10/24/2011
                               by ECF No. 38 for reasons stated on record at 10/12/2011
                               hr'g

Both of the above were scheduled as a noncontingent, liquidated, undisputed debt, and each proof

of claim contained sufficient information for debtors' counsel to match the claims with the scheduled

debts. Nonetheless, Ms. Kirkland's attorney objected to each claim on the basis that the proof of

claim contained insufficient documentation to substantiate the claim. Debtor's counsel submitted

a proposed order striking the claims in their entirety when the debtor had conceded in her schedules

that one of the debts was due and owing in substantially the same amount and the other was

undisputedly due and owing in 77% of the claim amount. Only two debts were listed on Schedule F

and it strains credulity that Debtor's counsel could have in good faith believed that the matching

claims should not be allowed. The court accordingly conducted a show-cause hearing on

October 12, 2011 to determine whether the claim objections were filed in violation of

Fed. R. Bankr. P. 9011(b) and in objective bad faith.

At the October 12th show-cause hearing, Debtor's counsel took full responsibility, acknowledged that the claim objections were improper, but argued that there was no bad faith here because the Debtor did not "need" these claim objections to be sustained. But Debtor's counsel prosecuted the objections and submitted proposed orders striking and disallowing the claims. The fact that this is a "pot" plan and that disallowance of these claims would have no effect upon the amount to be paid by the Debtor *into* plan is of little import – because counsel's actions would have affected the creditors' distribution *under* the plan. While the objections may not have been filed in violation of Rule 9011(b)(1) (because it made no difference to the Debtor), the objections were certainly filed in violation of Rule 9011(b)(3) (because Debtor's counsel did not conduct a reasonable – or even basic – inquiry before filing the objections). The failure by Debtor's counsel to conduct this inquiry caused the court to conclude that the objections were meritless. Debtor's counsel accordingly submitted a proposed order overruling the objections after the October 12th show-cause hearing, and that order was entered. *See* [ECF No. 38]. The court took the issue of Rule 9011 sanctions under advisement.

H.    *The Santana Case*

Debtors Eliezer and Rosa M. Santana filed schedules on January 31, 2011. *See* [ECF No. 8], Case No. 11-11106-JKO. Schedule F listed a number of debts as neither contingent, unliquidated, nor disputed. *See id.* at 16-21. Claims were filed corresponding to a number of the scheduled debts, and about a month before the August 10, 2011 confirmation hearing, the Santanas' attorney filed the following claims objections:

ECF No. 51    Objection to Claim #3-1 of FIA Card Services a/k/a Bank of America
              Basis:  lack of documentation to substantiate claim
              Claim #3-1 Amt. - $65.41
              Schedule F Amt. - $65.00 (*scheduled as undisputed & owed to BofA*)
              Last four digits of acct. # listed on proof of claim - 7378
              Last four digits of acct. # listed on Schedule F - 7378

-22-

Status -            eOrder #269153 submitted striking claim

ECF No. 54    Objection to Claim #4-1 of FIA Case Services a/k/a Bank of America
Basis:  lack of documentation to substantiate claim
Claim #4-1 Amt. - $13,156.32
Schedule F Amt. - $13,121.00 (*scheduled as undisputed & owed to BofA*)
Last four digits of acct. # listed on proof of claim - 7180
Last four digits of acct. # listed on Schedule F - 7180
Status -            eOrder #269154 submitted striking claim

ECF No. 57    Objection to Claim #5-1 of FIA Case Services a/k/a Bank of America
Basis:  lack of documentation to substantiate claim
Claim #5-1 Amt. - $23,289.52
Schedule F Amt. - $23,289.00 (*scheduled as undisputed & owed to BofA*)
Last four digits of acct. # listed on proof of claim - 1752
Last four digits of acct. # listed on Schedule F - 1752
Status -            eOrder #269155 submitted striking claim

ECF No. 60    Objection to Claim #10-1 of  NCO Portfolio Mgmt.
                            *c/o NCO Financial Systems, Inc.*
Basis:  lack of documentation to substantiate claim
Claim #10-1 Amt. - $704.30
Schedule F Amt. - $704.00 (*scheduled as undisputed & owed to NCO*)
Status -            eOrder #269156 submitted striking claim

Each of the above was scheduled as a noncontingent, liquidated, undisputed debt, and each proof of claim contained sufficient information for debtors' counsel to match the claims with the scheduled debts.  Nonetheless, the Santanas' attorney objected to each claim on specious grounds, and submitted proposed orders striking claims when the debtor had conceded in her schedules that the debts were due and owing in substantially the same amounts.  The court accordingly conducted a show-cause hearing on October 12, 2011 to determine whether the Santanas' attorney filed each of the above objections in violation of Fed. R. Bankr. P. 9011(b) and, of course, whether the claim objections should be overruled.  The Santanas' attorney is also the attorney in the Hurtado case (No. 10-49589-JKO), *supra*, and the Garcia case (No. 10-43602-JKO), *supra*.  The orders setting the October 12, 2011 show-cause placed the Debtors' attorney on notice that the persistent pattern gave rise to the inference that this attorney's behavior is more than a series of discreet Rule 9011(b)

violations, but a concerted strategy to either avoid diligent claims review or to artificially reduce the amount of allowed claims. The show-cause hearing accordingly addressed whether this attorney's behavior in its totality constitutes a concerted fraud upon creditors and upon this court.

At the October 12th show-cause hearing, Debtor's counsel made a statement on the record that (roughly paraphrased) she merely intended to lower the Debtors' Chapter 13 plan payments but had no intent to defraud. She apparently did not realize that this is an admission that she filed baseless claim objections to improperly strike claims to artificially reduce Chapter 13 plan payments. How this is not an attempt to defraud her clients' creditors is – interesting. At the October 12th hearing, Debtors' counsel conceded that the attempts in at least some of her cases were aimed to artificially reduce the amount of allowed claims such that her clients would be, in her view, eligible to be debtors under Chapter 13 despite 11 U.S.C. §109(e). After the hearing, Debtors' counsel apparently "saw the writing on the wall" and filed a Notice of Voluntary Dismissal on October 13, 2011. The court took the issue of Rule 9011 sanctions under advisement.

## I.    *The Beckford Case*

Debtor Andrea Olevia Beckford filed schedules on February 25, 2011. *See* [ECF No. 1], Case No. 11-14995-JKO. Schedule F listed a number of debts as neither contingent, unliquidated, nor disputed. *See id.* at 11-13. Claims were filed corresponding to a number of the scheduled debts, and Ms. Beckford's attorney filed the following claims objections:

ECF No. 58    Objection to Claim #1-1 of Department Stores National Bank/Macys
        Basis: "Debtor disputes interest rate and finance charges. Claim should be
            stricken and disallowed."
        Claim #1-1 Amt. - $1,998.31
        Schedule F Amt. - $2,090.80  (*undisputed & owed to Macy's*)
        Status -      eOrder #269272 submitted striking claim ... court *sua sponte*
                continued claim objection hearing to 10/12/2011 and entered
                Order to Show Cause ... Debtors' counsel withdrew claim
                objection on 10/12/2011 at ECF No. 100

ECF 61 / 74    Objection to Claim #4-1 of Chase Bank USA, NA
                  Basis: "Debtor disputes interest rate and finance charges. Claim should be
                          stricken and disallowed."
                  Claim #4-1 Amt. - $1,549.64
                  Schedule F Amt. - $2,622.56  (*undisputed & owed to Chase*)
                  Last four digits of acct. # listed on proof of claim - 6325
                  Last four digits of acct. # listed on Schedule F - 6325
                  Status -          eOrder #269267 submitted striking claim ... court *sua sponte*
                              continued claim objection hearing to 10/12/2011 and entered
                              Order to Show Cause ... Debtors' counsel withdrew claim
                              objection on 10/12/2011 at ECF No. 102

ECF 61 / 74    Objection to Claim #5-1 of Chase Bank USA, NA
                  Basis: "Debtor disputes interest rate and finance charges. Claim should be
                          stricken and disallowed."
                  Claim #5-1 Amt. - $1,903.91
                  Schedule F Amt. - $1,903.91  (*undisputed & owed to Chase*)
                  Last four digits of acct. # listed on proof of claim - 6912
                  Last four digits of acct. # listed on Schedule F - 6912
                  Status -          eOrder #269267 submitted striking claim  ... court *sua sponte*
                              continued claim objection hearing to 10/12/2011 and entered
                              Order to Show Cause ... Debtors' counsel withdrew claim
                              objection on 10/12/2011 at ECF No. 102

ECF 61 / 74    Objection to Claim #6-1 of Chase Bank USA, NA
                  Basis: "Debtor disputes interest rate and finance charges. Claim should be
                          stricken and disallowed."
                  Claim #6-1 Amt. - $1,983.53
                  Schedule F Amt. - $1,983.53  (*undisputed & owed to Chase*)
                  Last four digits of acct. # listed on proof of claim - 2673
                  Last four digits of acct. # listed on Schedule F - 2673
                  Status -          eOrder #269272 submitted striking claim  ... court *sua sponte*
                              continued claim objection hearing to 10/12/2011 and entered
                              Order to Show Cause ... Debtors' counsel withdrew claim
                              objection on 10/12/2011 at ECF No. 102

ECF No. 67    Objection to Claim #15-1 of Bank of America, N.A.
                  Basis: "Debtor disputes interest rate and finance charges. Claim should be
                          stricken and disallowed."
                  Claim #15-1 Amt. - $678.65
                  Schedule F Amt. - $982.38  (*undisputed & owed to BofA*)
                  Last four digits of acct. # listed on proof of claim - 2403
                  Last four digits of acct. # listed on Schedule F - 2403
                  Status -          eOrder #269271 submitted striking claim  ... court *sua sponte*
                              continued claim objection hearing to 10/12/2011 and entered
                              Order to Show Cause ... Debtors' counsel withdrew claim
                              objection on 10/12/2011 at ECF No. 103

ECF No. 70 Objection to Claim #10-1 of WFNNB (for Victoria's Secret)
    Basis: "Debtor disputes amount owed. Claim should be stricken and
      disallowed."
    Claim #10-1 Amt. - $1,062.86
    Schedule F Amt. - $1,140.27  (*undisputed & owed to Victoria's Secret*)
    Last four digits of acct. # listed on proof of claim - 3967
    Last four digits of acct. # listed on Schedule F - 3967
    Status -  eOrder #269275 submitted striking claim ... court *sua sponte*
        continued claim objection hearing to 10/12/2011 and entered
        Order to Show Cause ... Debtors' counsel withdrew claim
        objection on 10/12/2011 at ECF No. 104

ECF No. 70 Objection to Claim #11-1 of WFNNB (for Express)
    Basis: "Debtor disputes amount owed. Claim should be stricken and
      disallowed."
    Claim #11-1 Amt. - $1,862.29
    Schedule F Amt. - $2,022.65  (*undisputed & owed to Express*)
    Last four digits of acct. # listed on proof of claim - 4958
    Last four digits of acct. # listed on Schedule F - 4958
    Status -  eOrder #269275 submitted striking claim ... court *sua sponte*
        continued claim objection hearing to 10/12/2011 and entered
        Order to Show Cause ... Debtors' counsel withdrew claim
        objection on 10/12/2011 at ECF No. 104

ECF No. 70 Objection to Claim #12-1 of WFNNB (for Loft Mastercard)
    Basis: "Debtor disputes amount owed. Claim should be stricken and
      disallowed."
    Claim #12-1 Amt. - $826.21
    Schedule F Amt. - $784.27 (*undisputed & owed to WFNNB-Loft Mastercard*)
    Last four digits of acct. # listed on proof of claim - 7310
    Last four digits of acct. # listed on Schedule F - 7310
    Status -  eOrder #269275 submitted striking claim ... court *sua sponte*
        continued claim objection hearing to 10/12/2011 and entered
        Order to Show Cause ... Debtors' counsel withdrew claim
        objection on 10/12/2011 at ECF No. 104

Each of the above was scheduled as a noncontingent, liquidated, undisputed debt, and each proof

of claim contained sufficient information for debtor's counsel to match the claims with the scheduled

debts.  Nonetheless, Ms. Beckford's attorney objected to each claim on either the basis that the

interest rate and finance charges were disputed (which somehow justified striking and disallowing

the claim in its entirety) or that the entire amount was disputed.  Debtor's counsel submitted

proposed orders striking the claims when the debtor had conceded in her schedules that the debts

were due and owing in substantially the same amounts.  The court accordingly conducted a show-

cause hearing on October 12, 2011 to determine whether Ms. Beckford's attorney filed each of the

above objections in violation of Fed. R. Bankr. P. 9011(b).  Following the hearing, the court took

the issue of sanctions under advisement.

       *J.*      *The De Pena Case*

      Debtor Hector De Pena filed schedules on March 22, 2011. *See* [ECF No. 10], Case No. 11-

14554-JKO.  Schedule F listed a number of debts as neither contingent, unliquidated, nor disputed.

*See id.* at 11-12.  Claims were filed corresponding to a number of the scheduled debts, and

Mr. De Pena's attorney filed the following claims objections:

    ECF No. 44    Objection to Claim #2-1 of Candica, LLC (for Barclays Bank / Spirit Air)
                               Basis: lack of documentation
                               Claim #2-1 Amt. - $1,545.73
                               Schedule F Amt. - $1,622.00  (*undisputed & owed to Barclays Bank*)
                               Last four digits of acct. # listed on proof of claim - 5542
                               Last four digits of acct. # listed on Schedule F - 5542
                               Status -         eOrder #269410 submitted striking claim

    ECF No. 44    Objection to Claim #3-1 of    Portfolio Recovery Assoc.
                                                      (for Household Finance)
                               Basis: lack of documentation
                               Claim #3-1 Amt. - $5,750.92
                               Schedule F Amt. - $5,750.92  (*undisputed & owed to Household Finance*)
                               Status -        eOrder #269267 submitted striking claim

Both of the above were scheduled as noncontingent, liquidated, undisputed debts, and each proof

of claim contained sufficient information for debtor's counsel to match the claims with the scheduled

debts.   Nonetheless, Mr. De Pena's attorney objected to each claim on the basis of lack of

documentation.  Debtor's counsel submitted proposed orders striking the claims when the debtor had

conceded in his schedules that the debts were due and owing in substantially the same amounts.  The

court accordingly conducted a show-cause hearings on October 12, 2011 and October 26, 2011 to

determine whether Mr. De Pena's attorney filed both of the above objections in violation of Fed. R. Bankr. P. 9011(b) and, of course, whether the objections should be overruled.

The Debtor's attorney argued at the October 12th hearing that the claim objections were proper. In the midst of an undesireably congested calendar (the courtroom was standing room only), counsel's demeanor seemed righteous and her arguments seemed persuasive. The court directed her to submit a proposed order discharging the order to show cause, but upon further review in chambers without the scheduling pressures of the packed courtroom, the court concluded that such a remedy was not in keeping with the text or spirit of Fed. R. Bankr. P. 9011(c)(2). The court accordingly did not enter the proposed order submitted by counsel and continued the matter to October 26, 2011. *See* [ECF No. 67].

At the October 26th hearing, Debtor's counsel again argued that her claim objections were proper, and attempted to compare them to other objections which were sustained on that morning's calendar. The attempt by Debtor's counsel to compare her claim objections to those in *In re Rozier*, No. 11-17299-JKO (Bankr. S.D. Fla.), is not persuasive. Her claim objections were easily matched to debt which was scheduled as undisputed, liquidated, and noncontingent. The claim objections in *Rozier* were not. As such, Mr. De Pena's attorney filed claim objections in contravention of relevant and clear concessions in Mr. De Pena's schedules. To do so is to file a claim objection in objective bad faith such that sanctions are warranted under Rule 9011. At the conclusion of the October 26th hearing, the court took the issue of Rule 9011 sanctions under advisement.

K.    *The Lewis Case*

On November 11, 2010, Debtor Patrick S. Lewis filed Schedule D listing GMAC as an undisputed creditor in the amount of $463,792.00 secured by collateral valued at $367,000.00. *See* Case No. 10-40253-JKO, ECF No. 15, at 8. GMAC filed Proof of Claim #5-1 on

December 28, 2010 in the amount of $469,560.83.  On August 8, 2011, Debtor's counsel filed an objection to Claim #5-1 (disputing both liability and amount) and scheduled the matter for a September 7, 2011 hearing. *See* [ECF Nos. 133 & 134].  On the day of the September 7th hearing, Debtor's counsel filed an Amended Schedule D listing the debt owed to GMAC as disputed, and on September 8, 2011 Debtor's counsel submitted proposed eOrder #275229 striking GMAC's claim in its entirety.  On September 9, 2011 Debtor's counsel withdrew the amendment to Schedule D, returning Schedule D to its *status quo ante* (conceding the debt as owed to GMAC in the amount of $463,792.00).  Sidestepping for the moment the propriety of filing an amendment to Schedule D on the *day of* the claim objection hearing – nearly one year into the case – then withdrawing the amendment *while submitting a proposed order striking the claim*, the court overruled the objection on September 12, 2011 because the original November 11, 2010 Schedule D was in effect as of the court's ruling.  That Schedule D conceded that $463,792.00 was owed, and the court's order overruling the objection allowed GMAC's claim in that conceded reduced amount of $463,792.00.  The excess of $5,768.83 was disallowed because GMAC did not appear at the September 7th hearing to contest the claim objection or justify an amount in excess of the Debtor's concession. *See* [ECF No. 145].

Contemporaneously with the order overruling the Debtor's claim objection, the court entered an order scheduling an October 12, 2011 show-cause hearing. *See* [ECF No. 147].  The show-cause hearing was continued from October 12th to October 26th and addressed whether Debtor's counsel violated Fed. R. Bankr. P. 9011(b) by filing the claim objection despite the Debtor's concession in his schedules.

On September 26, 2011, Debtor's counsel filed a motion to reconsider the court's order overruling the claim objection. *See* [ECF No. 154].  That motion argued, *inter alia*, that the court violated the Debtor's constitutional rights by overruling the Debtor's claim objection.  The motion

can, without hyperbole, be characterized as meticulously drafted idiocy.  The record of the October 26th hearing establishes that Debtor's counsel conferred with counsel for GMAC before the hearing, who was apparently able to convince Debtor's counsel that the reconsideration motion was meritless.  Debtor's counsel accordingly withdrew the reconsideration motion about an hour and a half before the October 26th hearing.  The court was left to address the narrow issue of whether Debtor's counsel violated Fed. R. Bankr. P. 9011(b) by filing the meritless claim objection in objective bad faith.  The Debtor's attorney in the Lewis case is the same attorney in the MacFarland case, *supra*.

## II.    Discussion

### A.    Failure to Attach a Writing is Not a Basis for Disallowance Under 11 U.S.C. §§501 and 502; Even if the Claim Is Not Considered Prima Facie Valid, the Objection Must Still Present Evidence to Rebut the Evidence in the Claim.

Section 501 of the bankruptcy code only requires a creditor to timely file a proof of claim; otherwise either the debtor or the trustee can file the claim after the bar date. Section 502, subsections (a) and (b) state that a claim is deemed allowed as long as it is timely filed unless a party in interest objects to the claim on the grounds specified under subsections (b)(1)-(9). Subsections (b)(1)-(9) provide the exclusive list of reasons for disallowance of a claim.  The failure to accompany a proof of claim with the appropriate writing is not one of the reasons listed in section 502(b) for disallowance.

As discussed below, the growing majority of bankruptcy courts and appellate courts have read 28 U.S.C. § 2075 and 11 U.S.C. §502(b) as giving no discretion to disallow a claim for any reason other than those stated in § 502.  Fed. R. Bankr. P. 3001(c) does not create an independent ground for claim disallowance because failure to comply is an evidentiary defect that only deprives a claim of its *prima facie* validity.  The burden of proof is on the objecting party to provide evidence

surpassing the evidence set forth in the claim.  In many of the claims objections at issue here, the

debtors have disputed the amount or validity of debt which they scheduled in substantially identical

or greater amounts.  None of the claims objections raises substantive allegations under § 502(b) to

disallow the claims, and some of the Rule 3001(c) objections for lack of documentation concern

claims with substantial documentation attached. *See, e.g.*, [ECF No. 68], Case No. 11-13345-JKO.

This district has at least three published opinions concerning claim disallowance under

11 U.S.C. § 502 and Fed. R. Bankr. P. 3001(c). *See In re Orozco*, No. 09-34626-BKC-RAM

(Bankr. S.D. Fla. July 30, 2011) (Mark, J.) (not yet appearing on Westlaw or Lexis); *In re Moreno*,

341 B.R. 813 (Bankr. S.D. Fla. 2006) (Mark, J.); *In re Felipe*, 319 B.R. 730 (Bankr. S.D. Fla. 2005)

(Mark, J.).  In *Moreno*, Judge Mark joined the majority view in deciding that a creditor's failure to

attach a signed application or statements supporting its claim is not a basis for claim disallowance:

> First, if a claim is scheduled by a debtor as undisputed and in an
> amount equal to or greater than the amount in the proof of claim,
> little, if any, documentation is necessary. . . . Moreover, this Court
> joins other courts which have criticized the tactic of filing an
> objection to an undisputed scheduled claim. . . . The Court's bar to
> raising objections to claims scheduled as undisputed should not be
> read as an invitation to schedule credit card debts as disputed in
> hopes of shifting the burden back to the creditor.

*Moreno*, 341 B.R. at 818 (internal citations omitted).  In the event that the scheduled amount is less

than the proof of claim amount, an objection based solely on lack of documentation should be

overruled without prejudice to the debtor's right to file a renewed objection to that portion of the

claim which is in excess of the scheduled amount. *Id.*  Further, in *Felipe*, Judge Mark held that

"claims objections should address that portion of a claim actually in dispute" and "it is not

appropriate, for example, to seek an Order striking a $1,361.96 claim in its entirety . . . if the debtor

has scheduled the claim as undisputed and liquidated in the amount of $1,320.00." *Felipe*, 319 B.R.

at 735 n.3.  Recently, in *Orozco*, Judge Mark again published an order to remind debtors' attorneys

in this district that alleged lack of supporting documentation is an insufficient basis for claim

disallowance. *See Orozco*, Case No. No. 09-34626-BKC-RAM, ECF No. 109, at 1-2.

The cases addressed by this sanctions order present essentially baseless claims objections

which appear to be shotgun attempts to object to everything and "see what sticks."  Requiring

creditors to attach documentation in response to frivolous claims objections increases abuse and

litigation. *See In re Shank*, 315 B.R. 799, 813 (Bankr. N.D. Ga. 2004).  If there is no *substantive*

objection to the claim, the creditor should not be required to provide further documentation because

it serves no purpose other than to decrease the likelihood that a valid claim against the estate will

be disallowed on specious grounds. *See id.*  The instant cases present objections to claims for debts

which were scheduled in amounts substantially identical to (or greater than) the claimed amounts.

All of the relevant debts were scheduled as neither contingent, nor unliquidated, nor disputed.

> B.      *Debtors' Counsel Violate Ethical Duties by: (1) Objecting to a Claim for Lack of Documentation when the Debt was Scheduled in Substantially the Same or Greater Amount; (2) "Disputing" Liability or Amount with No Substantial Basis; or (3) Seeking to Strike & Disallow a Claim in its Entirety when Any Portion of the Debt is Undisputedly Due & Owing.*

As Judge Mark discussed in *Moreno* and *Felipe*, a creditor's failure to comply with

Fed. R. Bankr. P. 3001(c) does not *per se* justify claim disallowance, especially when the debtor has

scheduled the debt in substantially the same or greater amount and not scheduled the debt (in good

faith) as contingent or disputed. *See Moreno*, 341 B.R. 813; *Felipe*, 319 B.R. 730; *see also*

*In re Armstrong*, 320 B.R. 97, 104 (Bankr. N.D. Tex. 2005) (Felsenthal, Houser, & Hale, JJ.).

By filing a petition and schedules, a debtor makes a sworn statement under penalty of perjury

regarding the debtor's understanding of his or her debts, and creditors file claims under that same

scrutiny. *Armstrong*, 320 B.R. at 107.  Debtors' attorneys must carefully consider their ethical

obligations under Fed. R. Bankr. P. 9011(b) when objecting to a claim. *See In re Branch*,

2009 WL 2046510, at *4 (Bankr. E.D. Tex. 2009).  Filing a mass of claim objections alleging "lack of documentation" does not permit debtors' counsel to strike and disallow claims for debts which the debtor has already admitted to owing. *Orozco,* Case No. 09-34626-BKC-RAM, ECF No. 109*, at 2-3 (citing *Moreno,* 341 B.R. at 816; *Felipe,* 356 B.R. at 907).  Rather, it subjects debtors' counsel to the prospect of Rule 9011 sanctions for isolated occurrences, and substantially more onerous sanctions when there is a persistent pattern.

Fed. R. Bankr. P. 3001(a) only requires that a proof of claim "conform substantially to the appropriate Official Form."  Official Bankruptcy Form 10 does not require that all writings be attached to support an unsecured claim as it advises the claimant to provide a summary if documents are voluminous.  Nor does Form 10 notify a claimant that failure to attach documentary support will result in disallowance of the claim. "[T]he law is well settled that failure to attach supporting documentation as required by a rule of procedure is not grounds for disallowance of a claim [because] § 502(b) supplies the exclusive basis for claim disallowance." *In re Kincaid*, 388 B.R. 610, 614 (Bankr. E.D. Pa. 2008).  A creditor's failure to attach Rule 3001(c) documents robs the creditor of its Rule 3001(f) evidentiary presumption of validity, but that is not the only way for a creditor to establish a *prima facie* claim against the estate.  A proof of claim, when considered together with the relevant admissions in the schedules, establishes a *prima facie* case of the debtor's liability on the claim and shifts the burden of production to the debtor. *See In re Jorczak*, 314 B.R. 474 (Bankr. D. Conn. 2004)  If a debt is undisputed, no other creditor has filed a proof of claim for the debt, and the debtor doesn't present any evidence to dispute the debt or ownership of the debt, the objection to claim should be overruled based upon the preponderance of the evidence. *See Kincaid*, 388 B.R. at 617-18.  To hold otherwise is to invite mischief:

> Debtors with no evidence that the claims are invalid may be inclined
> to launch "fishing expeditions" for documents that the claimants
> simply cannot produce timely or economically. Creditors who have

> executed their claims under penalty of fines and imprisonment will
> be forced to decide whether producing documentation is
> economically feasible for a $5,000 claim, while debtors who have
> signed bankruptcy schedules under penalty of perjury are relieved of
> their obligations to include those claims in a chapter 13 plan based on
> a technicality.

*In re Habiballa*, 337 B.R. 911, 916 (Bankr. E.D. Wis. 2006). Such mischief has been persuasively addressed in this district when Judge Mark held that, "If a claim is scheduled by a debtor as undisputed and in an amount equal to or greater than the amount in the proof of claim, little, if any, documentation is necessary." *Moreno*, 341 B.R. at 818. As such, objecting to a claim for such a debt will almost always be a Rule 9011(b) violation, and scheduling debts as "disputed" with no good faith basis would likewise violate Rule 9011(b). "The Court's bar to raising objections to claims scheduled as undisputed should not be read as an invitation to schedule credit card debts as disputed in hopes of shifting the burden back to the creditor." *Id.* Nor would scheduling the amount of claim as "unknown" avoid the issue, as that would again subject debtors' counsel to Rule 9011(b) sanctions.

Even in the event that the scheduled amount is less than the proof of claim amount, an objection seeking to strike and disallow the claim in its entirety should be overruled without prejudice to the debtor's right to file a renewed objection to that portion of the claim which is in excess of the scheduled amount. *See Moreno*, 341 B.R. at 819. In this district and the majority of others, "claims objections should address that portion of a claim actually in dispute." *Felipe*, 319 B.R. at 735 n.3. It is not appropriate to seek an order striking a $5,000.00 claim in its entirety if the debtor has scheduled the claim as undisputed and liquidated in the amount of $2,500.00. *See id.* Repeated attempts to strike and disallow claims in their entirety when portions of those debts are undisputedly due and owing is tantamount to bad faith justifying the imposition

of sanctions. *See, e.g., Ginsberg v. Evergreen Security, Ltd. (In re Evergreen)*, 570 F.3d 1257, 1275 (11th Cir. 2009).

      C.      *Claims Objections Such As These Interfere with the "Just, Speedy, and Inexpensive Determination of Every Case."*

The Federal Rules of Bankruptcy Procedure explicitly state that the "rules shall be construed to secure the just, speedy, and inexpensive determination of every case and proceeding." Fed. R. Bankr. P. 1001. The purpose of the rules governing claims is to require creditors to provide sufficient information so that a debtor may identify creditors and match their claims with scheduled debts. *See generally Resurgent Capital Servs. v. Burnett (In re Burnett)*, 306 B.R. 313 (9th Cir. 2003). To require creditors to produce voluminous account information for every claim imposes an unnecessary burden on creditors without conferring a commensurate benefit to debtors. *See Shank*, 315 B.R. at 813. Instead, it increases abuse and litigation. *See id.* So long as the proof of claim contains sufficient information to match it with a scheduled debt, the debt is undisputed, no other creditor has filed a proof of claim for the debt, and the debtor doesn't present any evidence to dispute the debt or ownership of the debt, the objection to claim is specious. *See Kincaid*, 388 B.R. at 617-18. Such claims objections – whether isolated Rule 9011(b) violations or concerted frauds – interfere with the just, speedy, and inexpensive determination of whether claims should be allowed.

      D.      *Sanctions are Warranted in These Matters to Deter Repeat Conduct and to Deter Similar Conducted by Others Similarly Situated.*

The orders to show cause entered in these cases have a singular aim – to address what has become a pervasive problem within this district stemming from wholesale unjustified claim objections, and to stop that practice. Fed. R. Bankr. P. 9011 places an affirmative duty upon attorneys to make a reasonable investigation of the facts and the law before signing and submitting

any petition, pleading, motion, or other paper. *B-Line, LLC v. Wingerter (In re Wingerter)*, 594 F.3d 931, 939 (6th Cir. 2010); *Briggs v. Labarge (In re Phillips)*, 433 F.3d 1068 (8th Cir. 2006). Attorneys are required to "think first and file later." *Stewart v. RCA Corp.*, 790 F.2d 624, 633 (7th Cir. 1986); *see also Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 157 (3d Cir. 1986) (telling attorneys to "look before leaping"). The filing of claim objections with little investigation into the facts or law has become commonplace in this district. In an attempt to stop this practice, the court is entering this common sanctions order in all of the matters and will tag the order for publication. In short, attorneys who filed claim objections in violation of Fed. R. Bankr. P. 9011(b) are being sanctioned in accordance with Rule 9011:

> A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated.

Fed. R. Bankr. P. 9011(c)(2). While a certain sanction may be sufficient to deter repetition by an offending attorney in these matters, that very same sanction may not be sufficient to deter comparable conduct by others similarly situated. The sanctions imposed by this order must be tailored to deter those who may choose to take a calculated risk when deciding whether to object to a creditor's claim.

## III.    Conclusion

For the reasons outlined above, the court is required to impose sanctions upon Debtors' counsel in the above-styled cases to deter repeat behavior and to deter similar conduct by others similarly situated. The court accordingly finds and orders that:

(1)    in Case No. 11-13345-JKO (*In re Norris & Judy Carol MacFarland*), David Marshall Brown, Esq. filed claim objections in objective bad faith, in violation of Fed. R. Bankr. P. 9011(b), and in a manner designed to avoid reasonable review of

the claims register as required by Local Rule 2083-1(B). Mr. Brown is accordingly suspended from practice in the United States Bankruptcy Court, Southern District of Florida for 31 days commencing December 1, 2011 and running through December 31, 2011. The court will enter separate orders vacating ECF Nos. 127, 128, 129, and 130, as well as separate orders overruling ECF Nos. 65, 68, 71, 74, 76, 78, 80, 86, 89, 92, 95, 98, 101, 104, 110, 113, & 136;

(2)     in Case No. 10-49589-JKO (*In re Onelia Hurtado*), Maite L. Diaz, Esq. filed claim objections in objective bad faith and in violation of Fed. R. Bankr. P. 9011(b) such that she is suspended from practice in the United States Bankruptcy Court, Southern District of Florida for 31 days commencing December 1, 2011 and running through December 31, 2011. The court will enter separate orders vacating ECF No. 99 and overruling ECF Nos. 64, 67, 70, 73, 76, 82, 85, 88, 91, & 94;

(3)     in Case No. 10-43602-JKO (*In re Gabriel & Madelyn Garcia*), Maite L. Diaz, Esq. filed claim objections in objective bad faith and in violation of Fed. R. Bankr. P. 9011(b) such that she is suspended from practice in the United States Bankruptcy Court, Southern District of Florida for 31 days. The court finds that Ms. Diaz' pattern of behavior constitutes a concerted fraud upon creditors and this court such that the suspension shall run consecutively with her suspension in the *Hurtado* case. This suspension shall accordingly commence January 1, 2012 and run through January 31, 2012. The court will enter separate orders overruling ECF Nos. 111, 114, 117, 120, 132, 135, 144, 156, & 159;

(4)     in Case No. 11-22573-JKO (*In re Keith & Nancy Ahringer*), Jeffrey H. Tromberg, Esq. filed claim objections in objective bad faith and in violation of Fed. R. Bankr. P. 9011(b) such that he is suspended from practice in the United States Bankruptcy

Court, Southern District of Florida for 31 days commencing December 1, 2011 and running through December 31, 2011;

(5)     in Case No. 11-19051-JKO (*In re Lisa Marie Mullenix*), Jeffrey H. Tromberg, Esq. filed claim objections in objective bad faith and in violation of Fed. R. Bankr. P. 9011(b) such that he is suspended from practice in the United States Bankruptcy Court, Southern District of Florida for 31 days.  The court finds that Mr. Tromberg, while negligent in his supervision of his staff, took prompt remedial measures to address the problem in his office and has otherwise handled this matter in a highly professional manner such that this suspension shall run concurrently with his suspension in the *Ahringer* case.  This suspension shall accordingly commence December 1, 2011 and run through December 31, 2011;

(6)     in Case No. 11-10002-JKO (*In re Maria T. Alvarez*), Rafael Gonzalez, Esq. filed claim objections in objective bad faith and in violation of Fed. R. Bankr. P. 9011(b) such that he is suspended from practice in the United States Bankruptcy Court, Southern District of Florida for 31 days commencing December 1, 2011 and running through December 31, 2011.  The court will enter a separate order overruling ECF No. 42 which is a compound objection to claims 1, 2, 3, & 4.

(7)     in Case No. 11-17277-JKO (*In re Carole V. Kirkland*), Lloyd A. Baron, Esq. filed claim objections in objective bad faith and in violation of Fed. R. Bankr. P. 9011(b) such that he is suspended from practice in the United States Bankruptcy Court, Southern District of Florida for 31 days commencing December 1, 2011 and running through December 31, 2011;

(8)     in Case No. 11-11106-JKO (*In re Eliezer and Rosa M. Santana*), Maite L. Diaz, Esq. filed claim objections in objective bad faith and in violation of Fed. R. Bankr. P.

9011(b) such that she is suspended from practice in the United States Bankruptcy Court, Southern District of Florida for 31 days.  The court finds that Ms. Diaz' pattern of behavior constitutes a concerted fraud upon creditors and this court such that the suspension shall run consecutively with her suspensions in the *Hurtado* case and the *Garcia* case.  This suspension shall accordingly commence February 1, 2012 and run through March 2, 2012.  The court will enter separate orders overruling ECF Nos. 51, 54, 57, & 60;

(9)    in Case No. 11-14995-JKO (*In re Andrea Olivia Beckford*), Roslyn C. Lewin, Esq. filed claim objections in objective bad faith and in violation of Fed. R. Bankr. P. 9011(b) such that she is suspended from practice in the United States Bankruptcy Court, Southern District of Florida for 31 days commencing December 1, 2011 and running through December 31, 2011;

(10)    in Case No. 11-14554-JKO (*In re Hector De Pena*), Maylene C. Abad, Esq. filed claim objections in objective bad faith and in violation of Fed. R. Bankr. P. 9011(b) such that she is suspended from practice in the United States Bankruptcy Court, Southern District of Florida for 31 days commencing December 1, 2011 and running through December 31, 2011.  The court will enter a separate order overruling ECF No. 44, which is a compound objection to claims 2 & 3;

(11)    in Case No. 10-40253-JKO (*In re Patrick S. Lewis*), David Marshall Brown, Esq. filed a substantial claim objection in objective bad faith and in violation of Fed. R. Bankr. P. 9011(b) such that he is suspended from practice in the United States Bankruptcy Court, Southern District of Florida for 31 days.  Because the court finds that Mr. Brown's behavior in this case and the *Lewis* case constitute a pattern of not undertaking reasonable investigation into the facts or the law before filing papers

with this court, this suspension shall run consecutively with his suspension in the

*MacFarland* case.  This suspension shall accordingly commence January 1, 2012 and

run through January 31, 2012.

SO ORDERED.

# # #

*The Clerk of Court is directed to provide copies of this order*
*to all interested parties registered to receive notice.*